Andrew Sklar, Esquire (AS3105)
**Sklar Law, LLC**
1200 Laurel Oak Road, Suite 102
Voorhees, NJ 08043
(856) 258-4050
Attorneys for Secured Creditor, Donna V. Lomp

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| | Bankruptcy No. 18-10745-RG |
| Charles Lo Bello, Jr. | |
| | **LIMITED OBJECTION OF SECURED CREDITOR, DONNA V. LOMP, TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN** |

TO:   Charles Lo Bello, Jr.
       166 Highland Cross
       Rutherford, NJ 07070

       Harvey I. Marcus, Esquire
       250 Pehle Ave, Suite 200
       Saddle Brook, NJ 07663

       Marie-Ann Greenberg
       Chapter 13 Standing Trustee
       30 Two Bridges Rd, Suite 330
       Fairfield, NJ 07004

TO THE HONORABLE ROSEMARY GAMBARDELLA, UNITED STATES BANKRUPTCY JUDGE:

Donna V. Lomp ("Lomp"), by and through her undersigned counsel, hereby objects, pursuant to 11 U.S.C. §1324, to confirmation of the Debtor's Chapter 13 Plan.

In support of this limited objection, Lomp states the following:

## JURISDICTION

1. On January 12, 2018 (the "Petition Date"), Charles Lo Bello, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code.

2. This matter arises under 11 U.S.C. §1324 and 1325 and Federal Rule of Bankruptcy Procedure 3015(f) and is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L). This court has jurisdiction over this matter pursuant to 28 U.S.C. §157(a) and 1334.

## BACKGROUND

3. On or about December 9, 2013, Lomp obtained a judgment against the Debtor in the Superior Court of New Jersey in the amount of $87,939.17 plus costs (the "Judgment"). A true and correct copy of the Judgment has been attached to this Opposition to Confirmation as Exhibit A.

4. At the direction of Lomp, the Sheriff of Bergen County served a writ of execution against the real property of the Debtor located at 166 Highland Cross, Rutherford, NJ (the "Property") on April 4, 2014. A copy of this Affidavit of Service and Writ of Execution is also annexed hereto as Exhibit B. As a result of this execution levy, Lomp has a perfected security interest in the Property.

5. On or about February 4, 2018 the Debtor filed an Amended Chapter 13 Plan (the "Plan"), which provides in paragraph 4g for both no secured claims to be paid in full through the plan (the NONE box is checked) and for payment in full of Lomp's secured claim.

## **GROUNDS FOR OBJECTION**

6. To the extent the Debtor's Amended Chapter 13 plan can be interpreted to provide for anything other than the payment in full of Lomp's perfected secured claim in the Property, Lomp objects to the Amended Chapter 13 plan

7. Lomp reserves the right to raise any other objections at the time of the confirmation hearing.

WHEREFORE, Lomp respectfully requests this Court to enter an Order sustaining this objection and denying confirmation of Debtor's Chapter 13 Plan and granting such other further relief as the court may deem just and proper.

**SKLAR LAW, LLC**

/s/ Andrew Sklar

Dated: February 21, 2018

ANDREW SKLAR, ESQURIRE
Attorney for Secured Creditor
Donna v. Lomp