| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2c<br><br>RODRIGUEZ LAW GROUP, LLC<br>14 Elm Street<br>Morristown, NJ 079060<br>Ph: (973) 998-7973<br>Fax: (973) 998-7974<br>Attorney for U.S. Bank as Cust for BV001 Trst & Crdtrs | Chapter 13 Proceeding |
| In Re:<br><br>CHARLES LO BELLO, Jr.,<br><br>                Debtor. | Case No.: 18-10745 (RG)<br><br>Judge: Hon. Rosemary Gambardella, U.S.B.J<br><br>Hearing Date: February 20, 2019; 8:30 a.m. |

## OBJECTION TO MODIFIED CHAPTER 13 PLAN AND CONFIRMATION

TO:    CLERK, UNITED STATES BANKRUPTCY COURT
        United States Bankruptcy Court
        50 Walnut Street
        Newark, NJ 07102

        **MARIE ANN GREENBERG**
        30 Two Bridges Road
        Fairfield, NJ 07004
        Chapter 13 Standing Trustee

        **HARVEY I MARCUS, Esq.**
        36 Magnolia Way
        North Haledon, NJ 07508
        Attorney for Debtor

        Susan Fagan-Rodriguez being duly sworn upon her oath according to law

hereby certifies the following to be true:

1. I am bankruptcy counsel to the secured creditor, U.S. Bank as Cust for BV001 Trst & Crdtrs, ("BV") in the above-captioned matter. I make this certification objecting to the confirmation of the Debtor's current Chapter 13 modified plan.

2. U.S. Bank as Cust for BV001 Trst & Crdtrs, LLC ("BV001") is the holder of valid tax sale certificate(s) on the real property owned by the Debtor, and located at 166 Highland Cross, Rutherford, New Jersey (the "subject property.) The Debtor filed his Chapter 13 petition in January 2018. At the time of the filing of the Debtor's petition, BV had been owed principal and interest on its TSC with calculated interest as permitted by 11 U.S.C. §506(b), 11 U.S.C. §1322(b)(2) and (e) and §511 in the Debtors prior Chapter 13 case. BV filed a proof of claim which amortized the interest it was owed based upon the premise that the Debtor would be making monthly plan payments and continuing to pay post-petition taxes on the Subject Property, which he has failed to do.

3. Debtor has failed to make consistent plan payments and has failed to pay post-petition taxes and owes principal and interest for 4th quarter 2018 and 1st quarter of 2019, causing a post-petition tax delinquency, while continuing to enjoy the benefits of the automatic stay. The delinquent post-petition taxes threaten BV's first lien position on the subject property, and leave BV's secured claim inadequately protected.

4. The Debtor has not demonstrated that he is capable of making plan payments <u>and</u> keeping current with post-petition taxes, a failure of fiscal wherewithal to succeed in a Chapter 13 plan. Additionally, the Debtor is seeking to sell a piece of property to pay down the plan more than one (1) year from the date of the petition.

5. In short, confirmation of the modified plan should be denied for cause and for lack of feasibility, as it is clear that the Debtor is unable to keep current with post-petition obligations while also making plan payments.

I hereby certify that the foregoing statements mad by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                      RODRIGUEZ LAW GROUP, LLC
                                      Attorneys for U.S. Bank as Cust for BV001 Trst & Crdtrs

                                      By: /s/ Susan B. Fagan-Rodriguez
                                      Susan B. Fagan-Rodriguez (SF5241)